

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-3829
Re: Whether transfer of
child from common school
district to Independent
school affects status of
child's parent as a
qualified voter in the
common school district.

We have received your letter of September 3, 1941,
in which you enclose a letter to you from Mr. J. G. Smith
of Frost, Texas. We quote in full your letter from Mr.
Smith, as follows:

"I live in McCord Common School District #18
of Navarro County. I have transferred my child to
Frost Independent School District. Does the fact
that I have transferred this child disqualify me
in any way to perform any duties or discharge any
responsibilities as a qualified voter in the
McCord District? In other words, does the fact of
my transferring my child in any way change my
status as a qualified voter in the district?"

We have made a thorough examination of the
statutes and Constitution of Texas, and we find no pro-
vision which would disqualify or change the status of a
person otherwise a qualified voter in a school district
if his child is transferred to another school district.

Honorable T. M. Trimble, Page 2

We quote from 16 Tex. Jur. 42-43, as follows:

"The true spirit of election laws is to extend the right of suffrage to all persons normally entitled to that right and <u>not disqualified or rendered ineligible by express provision</u> * * *" (Emphasis supplied)

In view of the foregoing you are respectfully advised that the status of a person otherwise a qualified voter in a school district is not affected by the fact that his child is transferred to another school district.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis
Glenn R. Lewis
Assistant

By George W. Sparks
George W. Sparks

APPROVED SEP 16, 1941

FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN